UNITED STATES DISTRICT COURT
MASSACHUSETTS

|  |  |
|---|---|
| SHEEHAN, PHINNEY, BASS & GREEN, PA, <br><br>  Plaintiff, <br><br> v. <br><br> LEIGH HOLDINGS LLC, and RICHARD TANNENBAUM, <br><br>  Defendants. | Civil Action No. 1:23-CV-12683-PBS |

**PLAINTIFF SHEEHAN, PHINNEY, BASS & GREEN, PA'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS (AND FOR REMAND) PURSUANT TO FED. R. CIV. P 12(b)(1)**

Plaintiff Sheehan Phinney Bass & Green, PA ("Sheehan") respectfully submits this Memorandum in Support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) because Defendants improperly removed it in violation of 28 U.S. Code §1446(b)(1) and, therefore, the Court is without subject matter jurisdiction.

Background

On July 12, 2023, Sheehan filed a complaint in Suffolk County Superior Court in Massachusetts against Defendants Leigh Holdings, LLC ("LH") for a breach of legal services contract, and against its two managing members, Richard Tannenbaum (residing in the State of New York) and Sam Ory (residing in the State of New York) for misrepresentation. The complaint arises out of Sheehan's previous representation of LH in on-going litigation in Suffolk County Superior Court Business Litigation Session. Ms. Ory settled all claims with Sheehan against her, Mr. Tannenbaum has not.

1

Specifically, Sheehan alleges that Mr. Tannenbaum committed fraud upon Sheehan. Mr. Tannenbaum requested that Sheehan represent LH, but then lied to Sheehan that LH had resources and the intention to pay the attorneys' fees associated with the litigation. Neither was true. Rather, from the beginning, Mr. Tannenbaum schemed that if the legal fees and costs owed to Sheehan became too much, or that the case did not go the way he wanted or expected, he would simply not pay Sheehan, claim that he doesn't owe the money individually, force Sheehan to chase an insolvent shell company (LH) for payment, and attempt to walk away from his promises. Thus, after Mr. Tannenbaum ran up more than $140,000 in fees and costs and made multiple serious misrepresentations to Sheehan – which required Sheehan to withdraw in March 2023 - that's precisely what he did.

Sheehan's complaint, attached hereto as *Exhibit A*, states that Sheehan is "a law firm set up as a professional association established under the laws of the State of New Hampshire with an office in Boston, Massachusetts." Further, Sheehan alleges that LH "is a limited liability company established under the laws of the Commonwealth of Massachusetts with a principal place of business in Boston, Massachusetts."[1]

On July 23, 2023, Sheehan served the complaint upon LH, and filed the Summons and Return of Service with the court. *See* Summons and Return of Service, attached hereto as *Exhibit C*. LH did not respond to the Complaint, and on October 11, 2023, the court entered a default order against LH. *See* Default Order, attached hereto as *Exhibit D*.

Sheehan provided Mr. Tannenbaum a copy of the complaint. Specifically, on July 13th, it emailed a copy of the complaint to Mr. Tannenbaum at his two email addresses that he has used

---

[1] Sheehan filed an Amended Complaint as a matter of right, and which is the operative pleading in this matter. *See* Amended Complaint, attached hereto as *Exhibit B*. The Amended Complaint contains the same language cited herein as in the original complaint.

in communicating with Sheehan both before and since Sheehan filed its complaint.  *See* Affidavit of Service of Michael Lambert, Esq. ("Lambert Aff."), attached hereto as *Exhibit E*.[2]

Moreover, there exists additional undisputed evidence that Mr. Tannenbaum was in "receipt" of the complaint:

- On August 1, 2023, Mr. Tannenbaum's Massachusetts counsel in the on-going Business Litigation Session litigation from which Sheehan withdrew, sent Sheehan a letter referencing specific paragraphs of Sheehan's Complaint against Mr. Tannenbaum, and asking questions about the same.  *See Exhibit E* (Lambert Aff.).

- On August 8, 2023, Mr. Tannenbaum faxed a petition to Massachusetts Bar Association seeking an arbitration for a "fee dispute" - the exact subject matter of Sheehan Phinney's Complaint.  *See id*.

- On September 27, 2023, Mr. Tannenbaum served a Motion to Dismiss Plaintiff's Complaint;

- On September 27, 2023, Mr. Tannenbaum served a Motion to Compel Arbitration;

- On October 18, 2023, Mr. Tannenbaum served a Motion to Disqualify; and

- On October 20, 2023, Mr. Tannenbaum and Sheehan engaged in a Superior Court Rule 9C conference on Mr. Tannenbaum's Motion to Disqualify.

---

[2] In addition, Sheehan also served the complaint on Mr. Tannenbaum:

On July 20, 2023, Sheehan sent two separate letters (with enclosures) to Mr. Tannenbaum, by certified mail-return receipt requested and regular mail, pursuant to Massachusetts General Laws c. 223A, § 6; one to a New York business address and one to a New York residential address.  The package to the NY residential address was returned as "unclaimed."  However, the regular mail letter was not returned.  The package to the NY business address was delivered to the mailroom on July 24, 2023, but Sheehan did not receive the returned certified card.  Nor was the regular mail letter been returned.  *See Exhibit E* (Lambert Aff.).  Pursuant to its satisfaction of the service requirement pursuant to Mass. R. Civ P., Sheehan filed the Lambert Affidavit (*Ex. E*) with the court on September 19, 2023.

Mr. Lambert's affidavit also states that based on Sheehan's observations of Mr. Tannenbaum, Sheehan believes that Mr. Tannenbaum has attempted to avoid formal service of process, and refused to sign the certified "green cards" that were mailed to him.  Mr. Lambert also stated that Sheehan believes Mr. Tannenbaum has a copy of the complaint through several mechanisms including the two letters referenced above.  *See id.*

The court denied Mr. Tannenbaum's Motion to Disqualify on November 1, 2023, and his other two motions were marked up for a hearing. Once the Court denied the motion to disqualify, Mr. Tannenbaum then attempted to remove this matter to federal court on November 7, 2024 pursuant to Section 1332(a).

## **Argument**

It is undisputed that Mr. Tannenbaum's removal of this matter violated 28 U.S. Code § 1446(b)(1) and, therefore, the Court lacks subject matter jurisdiction and should dismiss the action pursuant to Rule 12(b)(1). Specifically, Section 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…

Put simply, Mr. Tannenbaum was in "receipt" of the "initial pleading" beginning on July 13th (and subsequently thereafter). Because he did not remove the case within 30 days after "receipt," he is now barred pursuant to Section 1446(b)(1).

In an effort to avoid to consequences of his failure to remove the case on a timely basis, Mr. Tannenbaum now raises an entirely meritless argument in his "Motion for Sanctions for Sheehan Phinney Bass & Green, P.A.'s Misrepresentation to the Court" (Document No. 20). Specifically, Mr. Tannenbaum argues:

> Sheehan PA did not maintain a nerve center in Boston, as stated in the [Plaintiff's complaint] to gain jurisdiction. The [Plaintiff's complaint] misrepresented the citizenship and would thereby justify removal since, Defendant would have been able to remove, prior to service and joinder of a forum Defendant and relied on Sheehan PA's false representation of the law firm (Sheehan PA's) own citizenship.

In other words, Mr. Tannenbaum claims that because the Complaint "misrepresented" Sheehan's citizenship, it caused him not to remove the case in a timely fashion. There are two primary flaws with his argument. First, Sheehan does not misrepresent itself in its Complaint at all.

4

Sheehan alleged that it is "a law firm set up as a professional association established under the laws of the State of New Hampshire with an office in Boston, Massachusetts." That is entirely accurate. Sheehan did not allege that its Boston's office was its "nerve center" or anything remotely similar.

Second, whether Sheehan is a Massachusetts or New Hampshire "citizen" makes no difference to removal based upon diversity of jurisdiction: Mr. Tannenbaum could have removed either way because Sheehan alleged in its complaint that both Mr. Tannenbaum and Ms. Ory resided in the State of New York. Because they are the two members of LLC, for diversity jurisdiction analysis, LH is then also considered to be New York citizen. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra,* 661 F.3d 124, 125 (1st Cir. 2011)("the citizenship of a limited liability company is determined by the citizenship of all of its members."). Therefore, there is complete diversity between the Plaintiff and all Defendants regardless of whether Sheehan was a Massachusetts or New Hampshire citizen. Of course, the real problem is simply that Mr. Tannenbaum failed to remove in a timely manner and is now manufacturing after-the-fact excuses.

Conclusion

As a result, the Court should allow this Motion, and remand this matter to state court.

Plaintiff,
Sheehan Phinney Bass & Green, PA


*/s/ Charles M. Waters*
Charles Waters (BBO#631425)
Sheehan Phinney Bass & Green, PA
28 State Street
Boston, MA 02109
617.897.5600
cwaters@sheehan.com
Dated:  January 19, 2024

## CERTIFICATE OF SERVICE

      I hereby certify that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties of record.

                                      */s/ Charles M. Waters*
                                      Charles M. Waters