IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |  | |
|---|---|---|---|
| SHEEHAN, PHINNEY, BASS & GREEN, PA, | ) | | |
| | ) | | |
| *Plaintiff* | ) | | |
| | ) | | |
| v. | ) | 1:23-CV-12683-PBS | |
| | ) | | |
| | ) | | |
| | ) | | |
| LEIGH HOLDINGS, LLC, et. al. | ) | | |
| | ) | | |
| Defendants | ) | | |

# MOTION FOR RECONSIDERATION OF THE ORDER OF REMAND [DE 27]

Defendants Leigh Holdings, LLC and Richard Tannenbaum respectfully moves this Court under Federal Rule of Civil Procedure 59(e) to reconsider its prior order denying Defendant's Motion to Remove this case from the Suffolk County Superior Court of Massachusetts to this Court pursuant to 28 U.S.C. 1443(1) and those reasons articulated by reference in the "*Opposition To The Motion To Remand From Law Firm Sheehan, Phinney, Bass, And Green, P.A.*" [DE 24], (the "Opposition") (**Exhibit A**) makes allegations that the Plaintiff is misusing confidential client information in order to create claims against the individual Defendant that require a personal guarantee, which Plaintiff did not bargain for in this instance.

Defendants Leigh Holdings, LLC, and Richard Tannenbaum ("Defendants") respectfully move this Court, pursuant to Fed. R. Civ. P. 59(e), to reconsider its Order dated 2/21/2024 ("Order") remanding this action to Massachusetts Superior Court. Reconsideration is warranted because the Order may have overlooked key facts and controlling law demonstrating that removal is proper under 28 U.S.C. § 1443(1) to safeguard Defendants' federal civil rights.

As set forth more fully herein, the Order failed to consider: (1) that Defendant Tannenbaum was never properly served in his individual capacity, rendering the 30-day removal clock inapplicable; (2) that Plaintiff's misuse of client confidences and legal process to gain an improper advantage violates Defendants' constitutional rights under the 1st, 4th, 6th and 14th Amendments; (3) that Mass. Gen. Laws ch. 221, § 48, barring *Pro Se* representation by LLC members, discriminates against Defendants based on wealth and education, denying their fundamental right to access the courts and petition for redress of grievances; and (4) new evidence of Plaintiff's failure to protect Defendants' attorney-client privilege, further establishing a pattern of unethical conduct designed to chill Defendants' ability to defend ourselves.

Moreover, the Order did not have the benefit of recent empirical research in (**Exhibit B & C**) proving that *Pro Se* status itself triggers strong negative biases among law-trained individuals, resulting in materially worse outcomes for unrepresented litigants regardless of case merits and that bar admission has minimal effect on attorney discipline. This evidence confirms that MGL ch. 221, § 48 enables unconstitutional discrimination against pro se litigants, underscoring the need for a federal forum to ensure equal justice.

The Order's potential oversights, combined with the new facts and supporting social science, compel reconsideration to prevent manifest injustice. The Defendants meet the high burden for removal under 28 U.S.C. § 1443(1) because the state court proceedings will likely deny them "equal civil rights" under federal law. Defendants' constitutional rights to due process, equal protection, access to courts, and freedom from unlawful searches can only be protected through litigation in this Court. Accordingly, Defendants respectfully request that the Court vacate the Order and allow this case to proceed in the District of Massachusetts.

The grounds for reconsideration are:

1)  The Order states, "Defendants received a copy of the initial pleading "through service or otherwise" at the latest by September," however that is factually incorrect as service of the individual Defendant was never effectuated properly (*See Exhibit A; Pg 4; Footnote 2*). The Court seemed to not consider that service had not been effectuated as the *sin qua non* of due process under the 14th amendment of the United States Constitution or notice that a pending action existed. The failure of the Plaintiff to fairly notice the Defendant that removal was possible could not have started without proper service of the individual Defendant, without even considering that even if received, the Complaint on its face did not plead the principal place of business of the Plaintiff. The Complaint was impossible to analyze for diversity jurisdiction, a duty which falls on the master of the complaint, the Plaintiff.

    a)  <u>Plaintiff failed to specify its principal place of business in pleadings, depriving Defendant of notice required to ascertain federal diversity jurisdiction and removal under 28 U.S.C. 1446(b).</u>

2)  Plaintiff filed a meritless lawsuit solely to harass and coerce Defendant on alleged debts Defendant does not owe. As Defendant's Opposition showed, Plaintiff's claims lack legal merit and are subject to a rule 12(b)(6) motion to dismiss [See DE 23].

3)  Plaintiff's misuse of the legal process to extract payment from Defendant, and to eviscerate Defendants' rights to attorney-client privilege[1], infringes upon his constitutional rights. This prosecution by the Plaintiff violates federally protected constitutional rights since Plaintiff seeks to violate the following constitutionally guaranteed rights. (See *Rogers v. Tuscaloosa*, 353 F.2d 78, 79 (5th Cir. 1965)). including:

    a)  U.S. Const. 4th Amend. violation by misusing client confidences.

    b)  U.S. Const. 6th Amend. violations of due process and impartial trial rights.

---

[1] Defendants again mention this without waiver of any attorney-client privilege.

3

    c) U.S. Const. 14th Amend. violation through failure to properly serve Defendant.

    d) U.S. Const. 1st Amend. violation by chilling Defendant's response to Plaintiff's demands.

4) These violations deny Defendant, rights to petition for redress, equal civil, and property rights protections under the U.S. Constitution—Defendant is being denied the right to petition to protect Defendant's property rights in Leigh Holdings, LLC.

    a) This Federal Court is best suited to protect Defendant's federal rights to sue both individually and as the managing member of Leigh Holdings, LLC a right that is denied to the Defendant in State Court due to MGL c.221, § 48, which prevents the Defendant from doing so.

<u>Allowing this litigation to remain in state court enables further infringement of Defendant's civil and property rights. Reconsideration and removal are necessary to protect Defendant's federal equal rights.</u>

5) Defendant cannot defend suit against Plaintiff due to MGL c.221, § 48, which prevents Defendant from pursuing a defense against Plaintiffs claim even though Leigh Holdings, LLC is owned by a single member. The legislation effects the rights of a certain class of people, those persons not admitted to practice law in Massachusetts and concomitantly those of less educational background and economic means—the right to petition the government and to maintain and protect property rights is a fundamental right and subjects the case to judicial scrutiny at least ration, if not intermediate, or perhaps strict scrutiny[2] (minorities have long been cited as having the largest issue in passing the bar and this may be tantamount to ethnic based or class based discrimination), if not simple discriminating about

---

[2] Exhibit B: Empirical research on the topic of the requirements for attorney licensure do not heavily support the motion that bar admissions protect the public, states that provide diploma privilege like Wisconsin, do not show less statistically significant differences in attorney discipline or disbarment. (See What Occupational Licensing Requirements Protect the Public? Evidence from the Legal Profession Kyle Rozema October 21, 2023)

the *Pro Se* person or entity, which may affect access to justice based on empirical evidence.[3] Although small claims court allows these same similarly situated persons to proceed pro se for a corporation or company in small claims of, or less than, $7,000 dollars, this right is restricted to such an artificial limit that does not have evidentiary support as a rational breakpoint. Sole Proprietorships and partnerships are allowed to proceed *Pro Se*, although not afford limited liability, the risk to the public, makes little to no sense in this context, in this situation of a limited liability companies of a single person.

a) The ability to represent oneself in the courts of the Commonwealth is protected by statute. See G. L. c. 221, § 48 ("Parties may manage, prosecute or defend their own suits personally, or by such attorneys as they may engage") *Wilbur v. Tunnell*, 98 Mass. App. Ct. 19, 22-23, 151 N.E.3d 908, 913 (2020). *Wilbur* is important here since the statute seems to apply differently to different types of entities as the personal representative of the deceased lessee's estate was allowed to proceed *Pro Se*. It is only when some such hostile state legislation can be shown to exist [MGL c.221, § 48], interfering with the

---

[3] See Exhibit C: The Signaling Effect of Pro se Status Victor D. Quintanilla, Rachel A. Allen, and Edward R. Hirt, Law & Social Inquiry Volume 42, Issue 4, 1091–1121, Fall 2017. The experiments found a significant "signaling effect" of pro se status - law students and lawyers awarded lower settlement amounts to pro se plaintiffs compared to represented plaintiffs, even when holding the merits of the case constant. This suggests pro se status itself can bias legal professionals against unrepresented parties. The empirical evidence presented in Quintanilla, Allen, and Hirt's article, "The Signaling Effect of Pro se Status," provides a compelling basis for our argument that Massachusetts law barring pro se representation of LLCs (namely, MGL c.221, § 48) enables unconstitutional discrimination against unrepresented parties. The article's experiments demonstrate that pro se status itself triggers strong negative stereotypes and biases among law-trained individuals, leading them to perceive pro se litigants as less competent than represented ones and award them lower settlement amounts, even when the merits of the case are held constant. Importantly, this bias arose from professional legal socialization and was not found among the general public. The article suggests that in the eyes of legal professionals, pro se status places litigants into a "low competence, low warmth" category that elicits contempt and neglect. MGL c.221, § 48 by preventing us from representing our own LLC, exposes us to these potential pernicious biases from judges and opposing counsel in a way that undermines our constitutional rights to equal protection and due process. The law enables law-trained individuals to act on their socialized biases against us as pro se litigants, materially disadvantaging our case regardless of its merits. Accordingly, the research in this article supports our position that MGL c.221, § 48 cannot stand as applied to uniquely situated litigants like the Defendants.

party's right of defense, that he can have his cause removed to the federal court." *Bennett v. Roberts*, 31 F. Supp. 825, 826 (W.D.N.Y. 1940).

6) The Court remarks that the Defendants, with a plural "s", received the complaint by service or some other means. The distinction is significant. While there is no factual dispute that the Leigh Holdings, LLC, the Company, did receive service, whose return of service was filed with the Suffolk Superior Court. This return of service does not include the Defendant is his individual capacity. The Defendant is prevented from filing on behalf of the Leigh Holdings, LLC, due to MGL c.221, § 48, which requires filing by a licensed Massachusetts attorney, and allows the filing to be struck by the Court or the Plaintiff.

   a) Conversely, holding service to an organization (Leigh Holdings, LLC) as proper service, clearly raises issues regarding the legitimacy of the notice of the pending lawsuit to the managing member of Leigh Holdings, LLC as opposed to the individual Defendant. How can an individually be prevented from filing on behalf of a Company, while be allowed to be served by notification to the registered agent's office of Leigh Holdings, LLC without even being put on notice by service or other paper that the case is ripe for removal?

      i) The 30-day removal requirement would not have an overall limit of 1 year, if this type of situation, failure of a party to receive notice of the lawsuit by service, or by the lack of the Complaint's listing Plaintiff's New Hampshire principle place of business were not a possible reason for tolling the removal statute.

7) A new circumstance has arisen since the filing of the last motion that warrants a motion for reconsideration on the topic: Plaintiff has been served a subpoena in another pending action but did not zeolously (as the Massachusetts Rule of Professional Responsibility require) protect the Defendants' right by filing a protective order or motion to quash.

   a) Plaintiff accepted the duty to safeguard attorney-client privileged information even before the engagement commenced or the $55,000+ dollars in fees had been exchanged.[4]

      i) Defendants would have sought other counsel, if this was the type of behavior that was likely to occur, a fact that was deceptively hidden and not discussed by Plaintiff or mentioned in the beginning of the relationship with the Defendant Leigh Holdings, LLC, and Plaintiff, who was represented by other counsel.

         (1) The asymmetry of the beginning of a relationship between a lawyer and client requires the highest level of disclosure and informed consent.

Finally, Defendant Tannenbaum, only, also incorporates this Motion, Opposition, and Notice of Removal [DE 1] in the Notice of Removal to the United States District Court for The District of Massachusetts.

RELIEF REQUESTED FROM THE COURT

WHEREFORE, the Defendant respectfully requests this Court reconsider its prior Order, vacating the remand order and accepting jurisdiction under 28 U.S.C. § 1443(1) to protect Defendant's' federal civil rights.

---

[4] Defendants hereby notify the Plaintiff that no documents or testimony should be provided except through Defendants' counsel. Plaintiff should defend Defendants' rights zealously litigation between the parties does not relieve Plaintiff of these duties. Defendants reserve the right to bring claims for damages of Plaintiffs failure to safeguard Defendants rights once it is determined the proper forum and after Plaintiff's claim is likely dismissed. (See Exhibit D You Received a Subpoena for Your Client's File. What Are Your Ethical Obligations? By David Kluft, Assistant Bar Counsel).

| Respectfully submitted,<br>**Leigh Holdings, LLC**[5] | Respectfully submitted,<br>**Richard Tannenbaum**[6] |
|---|---|
| By its Managing Member, | By himself, |
| /s/ Richard Tannenbaum<br>Richard Tannenbaum<br>401 N ASHLEY DR #173254<br>TAMPA, FL 33602-4301<br>T: (813) 308-9273<br>Email:<br>rtannenbaum@ouroborosgroupllc.com | /s/ Richard Tannenbaum<br>Richard Tannenbaum<br>*Pro Se*<br>401 N ASHLEY DR #173254<br>TAMPA, FL 33602-4301<br>T: (813) 308-9273<br>Email: rtannenbaum@ouroborosgroupllc.com |

DATED:  Tuesday, March 5, 2024

**CERTIFICATE OF SERVICE**

    I, Richard Tannenbaum, hereby certify that on Tuesday, March 5, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which on information and belief, sent notification of such filing to all parties of record.

                                                        */s/ Richard Tannenbaum*
                                                        Richard Tannenbaum

---

[5] This is without waiver of any defenses under Rule 12 and further objecting to the use of privilege information subject to attorney-client privilege.
[6] This is without waiver of any defenses under Rule 12 and further objecting to the use of privilege information subject to attorney-client privilege.